<pre>
 1                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF OHIO
 2                       EASTERN DIVISION

 3     UNITED STATES OF AMERICA,        Case No. 1:15cr268
                                        Akron, Ohio
 4               Plaintiff,             March 16, 2016

 5          vs.

 6     AMIR SAID RAHMAN AL-GHAZI,

 7               Defendant.

 8
                         TRANSCRIPT OF PROCEEDINGS
 9                   BEFORE THE HONORABLE SARA LIOI
                      UNITED STATES DISTRICT JUDGE
10

11                    CHANGE OF PLEA HEARING

12

       APPEARANCES:
13

       For the Government:      Christos N. Georgalis
14                              Assistant U.S. Attorney
                                Northern District of Ohio
15                              Suite 400
                                801 Superior Avenue, W
16                              Cleveland, Ohio  44113
                                216-622-3859
17

18     For the Defendant:       Roger M. Synenberg, Esq.
                                Dominic Coletta, Esq.
19                              Synenberg, Coletta & Moran
                                55 Public Square, Suite 1200
20                              Suite 1331
                                Cleveland, Ohio  44113
21                              (216) 622-2727

22

23

24

25


                 Lori A. Callahan, RMR-CRR      (330) 252-6022
</pre>

1

2

3      Court Reporter:              Lori Ann Callahan, RMR-CRR
                                    United States District Courthouse
4                                   Room 568
                                    2 South Main Street
5                                   Akron, Ohio  44308
                                    (330) 819-8676
6

7

8

9

10     Proceedings recorded by mechanical stenography, transcript
       produced by computer-aided transcription.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

P R O C E E D I N G S

- - -

THE COURT:  Please call the case.

COURTROOM DEPUTY CLERK:  The case before the court
is Case Number 1:15cr268, United States of America versus
Amir Said Rahman Al-Ghazi.

THE COURT:  Counsel, please identify yourself for
the record and indicate if you have your client or client
representatives present.  And we will begin with the
government's attorney.

MR. GEORGALIS:  Good afternoon, Judge.  Chris
Georgalis on behalf of the United States, and seated to my
left are two special agents with the FBI, Ryan Presley and
Tim Nock.

THE COURT:  Good afternoon.

MR. SYNENBERG:  Good afternoon, Your Honor.  Roger
Synenberg here on behalf of Amir Said Rahman Al-Ghazi who's
seated to my right, as well as my partner, Dominic Coletta,
seated to my right.

THE COURT:  Good afternoon to you.

MR. COLETTA:  Good afternoon, Your Honor.

THE COURT:  Mr. Al-Ghazi, it is my understanding
that at this time you wish to withdraw your formerly entered
plea of not guilty and enter a plea of guilty in this case
to Counts 1, 2 and 3 of the indictment in which you are

1    charged as follows:

2         Count 1, attempted provision of material support

3    to designated foreign terrorist organizations in violation

4    of Title 18, United States Code, Section 2339B.

14:05:02  5         And Counts 2 and 3, which are two separate counts,

6    of possession of firearm and/or ammunition by a convicted

7    felon, in violation of Title 18, United States Code, Section

8    922(g)(1).

9         Is this correct, sir?

14:05:15  10        THE DEFENDANT:  Yes, Your Honor.

11        THE COURT:  And, Counsel, I trust that you are

12   prepared to proceed in this matter?

13        MR. SYNENBERG:  Yes, Your Honor.

14        MR. GEORGALIS:  Yes, Judge.  Thank you.

14:05:22  15        THE COURT:  So I will ask the courtroom deputy

16   clerk to please place Mr. Al-Ghazi under oath.

17        COURTROOM DEPUTY CLERK:  Please stand and raise

18   your right hand.

19        (Defendant sworn.)

14:05:42  20        THE COURT:  Very well.  Very well.  You may be

21   seated.

22        Mr. Al-Ghazi, you are now under oath and have

23   sworn to tell the truth.

24        Do you understand any answers that you give that

14:05:59  25   would later be proved to be false or untruthful could be

1    used against you in a later prosecution for perjury?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Before I can decide whether to accept

4    your plea, sir, it is necessary that I ask a number of

14:06:11  5    questions of you to be sure that you understand the

6    constitutional rights that you will be giving up by entering

7    this plea and to make certain that you understand what the

8    consequences of this plea may be.

9              If you have any questions whatsoever, please ask

14:06:23  10   me to stop so that you may ask your question and the court,

11   your attorney or the government's attorney will respond to

12   your question.

13             Also, if at any time during these proceedings, you

14   wish to pause and speak privately with your attorneys,

14:06:38  15   simply ask the court for the opportunity to do so, and I

16   will certainly honor any such requests.

17             Do you understand all of these instructions?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  Excellent.

14:06:46  20             Please state your full name, sir.

21             THE DEFENDANT:  Amir Said Rahman Al-Ghazi.

22             THE COURT:  And what is your age?

23             THE DEFENDANT:  My age is 39 years old.

24             THE COURT:  All right.  Are you a citizen of the

14:06:57  25   United States?

1    THE DEFENDANT:  Yes, Your Honor.

2    THE COURT:  Are you able to read, write and

3    understand the English language?

4    THE DEFENDANT:  Yes, Your Honor.

14:07:03  5    THE COURT:  How far did you go in school, sir?

6    THE DEFENDANT:  I have a GED, 10th grade.

7    THE COURT:  So you went 10th grade and then you

8    obtained your GED?

9    THE DEFENDANT:  Yes, Your Honor.

14:07:12  10    THE COURT:  Do you have any other certifications

11    beyond obtaining your GED, like any training programs?

12    THE DEFENDANT:  Tow motor license?

13    THE COURT:  Oh, okay.  Something like that.

14    THE DEFENDANT:  I am drawing a blank.

14:07:30  15    THE COURT:  That's okay.

16    Any trades, organizations that you obtained any

17    certifications in?

18    THE DEFENDANT:  Not on paper, no.

19    THE COURT:  Okay.

14:07:40  20    THE DEFENDANT:  Not that I can think of.

21    THE COURT:  All right.  That's fine.

22    So you have your GED and you have a tow motor

23    certification?

24    THE DEFENDANT:  Yes, ma'am.

14:07:46  25    THE COURT:  Okay.  That's fine.

1          Are you presently under the influence of any

2     drugs, any alcohol and/or any chemical substance that might

3     in any way impact your ability to understand these

4     proceedings?

14:07:57  5          THE DEFENDANT:  No, Your Honor.

6          THE COURT:  Do you have any mental conditions that

7     would in any way interfere with your ability to understand

8     these proceedings?

9          THE DEFENDANT:  No, Your Honor.

14:08:03  10          THE COURT:  Okay.  Have you received a copy of the

11     indictment which contains the written charges made against

12     you in this case?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Have you had adequate time and

14:08:13  15     opportunity to review the indictment and discuss the charges

16     in the case with your attorney?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  In this case, there is a written plea

19     agreement between you and the government, and I have a copy

14:08:28  20     of that agreement or actually have the original of the

21     agreement.

22          Do you have a copy of the agreement?

23          THE DEFENDANT:  Yes, I do, Your Honor.

24          THE COURT:  Excellent.  So you may wish to follow

14:08:39  25     along with this agreement as we review the provisions here

1    today.

2              So the original agreement that I had, that I have

3    appears to have your initials on the bottom right-hand

4    corner of each page.

14:08:58  5              Are these your initials on the bottom right-hand

6    corner of each page of this agreement, sir?

7              THE DEFENDANT:  If they would be two capital A's,

8    then yes, Your Honor.  I can't see that far, but I take your

9    word for it.

14:09:07  10              THE COURT:  I tell you what, I will have my

11    courtroom deputy clerk show this to you, because we want to

12    make sure that --

13              THE DEFENDANT:  Yes, Your Honor.

14              THE COURT:  And also you can keep, if you would,

14:09:28  15    and turn to page 24 of that agreement, the last page.  On

16    the top signature line that has been designated for you,

17    there's a signature there.

18              Is that your signature there, sir?

19              THE DEFENDANT:  Yes, sir, Your Honor.

14:09:42  20              THE COURT:  All right.  And did you sign and

21    initial this agreement today, sir?

22              THE DEFENDANT:  That particular one?

23              What's the date?

24              MR. SYNENBERG:  Today is the 16th.

14:09:55  25              THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  And did you initial and sign the

2     agreement after you had adequate time and opportunity to

3     read and review the agreement and discuss it with your

4     attorneys?

14:10:04   5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Have you had -- have you discussed the

7     agreement and/or the substance of the agreement with your

8     attorneys before today?

9          THE DEFENDANT:  Yes, Your Honor.

14:10:13  10          THE COURT:  Okay.  And the reason I ask you that

11     question, as I want to make sure that this is not the first

12     time that you've heard the terms contained in this

13     agreement.

14          THE DEFENDANT:  Yes, Your Honor.  I -- no, it's

14:10:25  15     not the first time I heard it.

16          THE COURT:  So you've had many discussions with

17     your attorneys prior to today?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Okay.  About the agreement, and other

14:10:36  20     matters of course.

21          THE DEFENDANT:  Yes, two.

22          THE COURT:  Have you had sufficient time to --

23          THE DEFENDANT:  Yes.

24          THE COURT:  This is very important.

14:10:45  25          Have you had sufficient time to consider all of

1    the terms contained in this agreement prior to today?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Okay.  All right.  Just wanted to make

4    sure.

14:10:56    5         Do your initials and signature indicate that you

6    have read each page of the plea agreement, that you

7    understand the plea agreement and that you agree to the

8    terms contained within the plea agreement?

9              THE DEFENDANT:  Yes, Your Honor.

14:11:08    10        THE COURT:  Okay.  Do you have -- do you

11   understand that you have a right to persist in, that is, to

12   maintain your plea of not guilty as to the charges set forth

13   against you in the indictment.  And in that event, you would

14   go to trial?

14:11:21    15        THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  Do you understand that if there were a

17   trial if this case, you would enjoy certain important

18   constitutional rights?

19             THE DEFENDANT:  Yes, Your Honor.

14:11:30    20        THE COURT:  And do you understand by entering a

21   plea of guilty, you will be giving up these rights?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  Okay.  And we will review those rights

24   with you now.  Those are contained in paragraph 1 of the

14:11:41    25   agreement if you wish to follow along.

1                You have a constitutional right if you wish to

2        have your case tried to a jury.  By entering a plea of

3        guilty to Counts 1, 2 and 3, you're giving up your right to

4        a jury trial.

14:11:53  5                Do you understand this right?

6                THE DEFENDANT:  Yes, Your Honor.

7                THE COURT:  Do you give up this right?

8                THE DEFENDANT:  Yes, Your Honor.

9                THE COURT:  You also have a right, if the

14:11:59  10       government agrees and the court approves, to waive a jury

11       and to have this case tried before me, the judge, without a

12       jury.

13                Do you understand this right?

14                THE DEFENDANT:  Yes, Your Honor.

14:12:08  15                THE COURT:  Do you give up this right?

16                THE DEFENDANT:  Yes, Your Honor.

17                THE COURT:  If there were a trial in this case,

18       you would be presumed innocent.  The government would be

19       required to prove that you were guilty by competent evidence

14:12:17  20       beyond a reasonable doubt.

21                Do you understand this right, sir?

22                THE DEFENDANT:  Yes, Your Honor.

23                THE COURT:  And do you give up this right?

24                THE DEFENDANT:  Yes, Your Honor.

14:12:23  25                THE COURT:  If there were a trial in this case,

1  you would have the right to confront and cross-examine

2  witnesses called against you; that is, witnesses for the

3  government would have to come to court and testify in your

4  presence, and your attorney could cross-examine those

14:12:37  5  witnesses and object to evidence the government offers in

6  this case.

7         Do you understand this right, sir?

8         THE DEFENDANT:  Yes, Your Honor.

9         THE COURT:  And do you give up this right?

14:12:43  10         THE DEFENDANT:  Yes, Your Honor.

11         THE COURT:  If you were to go to trial, you would

12  also have the right to call witnesses to testify on your own

13  behalf.  You could compel them to appear here in court to

14  testify for you by the issuance of a subpoena, which is a

14:12:55  15  court order that would require their attendance.

16         Do you understand this right?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Do you give up this right?

19         THE DEFENDANT:  Yes, Your Honor.

14:13:03  20         THE COURT:  If there were a trial, you would have

21  the right to testify on your own behalf, but you would also

22  have the right not to testify, that is, you would have the

23  right to remain silent in this case and no argument or

24  suggestion of your guilt could be made based upon your

14:13:19  25  exercise of your right to remain silent.

Lori A. Callahan, RMR-CRR     (330) 252-6022

1          Do you understand this right, sir?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  And do you give up this right, sir?

4          THE DEFENDANT:  Yes, Your Honor.

14:13:27  5          THE COURT:  Do you understand that if I accept

6  your plea of guilty, you will be giving up all of the rights

7  we've just discussed, there will be no trial, and I will

8  enter a judgment of guilty against you in this case as to

9  Counts 1, 2 and 3 of the indictment?

14:13:42  10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  In addition to the rights we've just

12  reviewed, and even though you're currently represented by

13  attorneys, do you also understand that you have a right to

14  an attorney at every stage of the proceedings, and if

14:13:53  15  necessary and appropriate, one will be appointed to

16  represent you.

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  Okay.  Any questions thus far, sir?

19          THE DEFENDANT:  No, Your Honor.

14:14:02  20          THE COURT:  Okay.  We will continue on then.

21          Now, as set forth in paragraphs 2 and 3 of the

22  agreement, you will see there's a chart there, and it sets

23  forth the maximum statutory penalties for each of the

24  charges to which you're pleading, and we're going to review

14:14:22  25  that now.

1          So Count 1, attempted provision of material

2    support to designated foreign terrorist organizations, the

3    maximum statutory penalties are a maximum term of

4    imprisonment of 20 years, a fine in the amount of $250,000,

14:14:41  5    a lifetime term of supervised release, and a mandatory

6    special assessment of $100.

7          Do you understand all of that?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  With respect to each of Counts 2 and

14:14:53  10   3, which are, again, separate counts of possession of a

11   firearm and/or ammunition by a convicted felon, the maximum

12   statutory penalties are a maximum term of imprisonment of

13   ten years, a fine in the amount of $250,000, a term of up to

14   three years of supervised release, and a mandatory special

14:15:13  15   assessment of $100.

16         Do you understand all of this, sir?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Now, as set forth in paragraph 7, at

19   some point, you will be subjected to supervision, and if you

14:15:24  20   violate any term or condition of your supervision, such

21   violation could result in a period of incarceration or

22   additional penalty and in some circumstances, the combined

23   term of imprisonment under the initial sentence and the

24   additional period of incarceration could exceed the maximum

14:15:44  25   statutory term of imprisonment for the offense.

Lori A. Callahan, RMR-CRR     (330) 252-6022

1           Do you understand that?

2           THE DEFENDANT:  No.  What does that mean?

3           THE COURT:  What that means is, for instance,

4    possession of firearm or ammunition, the maximum term of

14:16:01  5    imprisonment is ten years.

6           So let's say we're just dealing with that count,

7    this is by way of example, let's just say the court

8    sentences you to a term of imprisonment of 105 years.

9           THE DEFENDANT:  Yes.

14:16:16  10          THE COURT:  Or 105 months, my apologies.  Or let's

11   say -- let's use a different example.  110 months.

12          THE DEFENDANT:  Okay.

13          THE COURT:  And then you're going to be on

14   supervision when you are released, supervised release, and

14:16:31  15   let's say you commit a violation of the terms and conditions

16   of your supervised release, so you will appear back in court

17   and the court could determine that your supervised release

18   should be revoked and that you should be sentenced to an

19   additional period of incarceration.

14:16:47  20          And in that case, under this example, that

21   additional period of incarceration, whether it's 5 months or

22   10 months or 15 months, would exceed the maximum -- and I

23   should have used 120 months for the offense.

24          Do you understand that?

14:17:06  25          If it's 15 months -- say, I gave you 110 months,

1    and I then revoked you and gave you an additional time of 15

2    months, that would be 125 months, and that would exceed the

3    maximum statutory term for the offense.

4            Understood?

14:17:22  5            THE DEFENDANT:  Yes, Your Honor.

6            THE COURT:  Okay.  Do you need another example,

7    because I kind of jumbled those numbers?

8            THE DEFENDANT:  No, I have it.  120 months, 15 on

9    top of 110 --

14:17:33  10            THE COURT:  Is 125 months.

11            THE DEFENDANT:  Yeah, I got it.  Yes, Your Honor.

12    I have it.

13            THE COURT:  Okay.  Sorry about that.  My initial

14    example wasn't well thought out.

14:17:44  15            THE DEFENDANT:  No, you did great.

16            THE COURT:  Okay.  So you understand what's the

17    information contained in paragraph 7 that we just reviewed?

18            THE DEFENDANT:  Yes, Your Honor.

19            THE COURT:  Why don't you take a look at

14:17:56  20    paragraphs 4, 5, and 8.  And after you have reviewed those,

21    let me know when you're done.

22            THE DEFENDANT:  Yes, I understand.

23            THE COURT:  Any questions about those provisions?

24            THE DEFENDANT:  No.

14:18:17  25            THE COURT:  Now, we're going to look at paragraph

Lori A. Callahan, RMR-CRR      (330) 252-6022

1    6.

2              So, as set forth in paragraph 6, do you understand

3    that you have agreed to abandon all of your right, title and

4    interest in a Taurus .45 caliber handgun, and the model

14:18:37  5    number and serial number are identified in paragraph 6, and

6    that you agree not to contest the administrative and/or

7    judicial forfeiture of that handgun.

8              Do you understand that?

9              THE DEFENDANT:  Yes, Your Honor.

14:18:49  10             THE COURT:  Do you also agree that the described

11   firearm was involved in and/or was used or intended to be

12   used in any manner or part to commit or facilitate the

13   commission of the criminal activity to which you are

14   pleading guilty today and, therefore, subject to forfeiture?

14:19:59  15             MR. SYNENBERG:  May we have a moment, Your Honor?

16             THE COURT:  You may.

17             (Pause.)

18             MR. SYNENBERG:  We're fine, Judge.

19             THE DEFENDANT:  Yes.

14:20:01  20             THE COURT:  So do you understand -- just to

21   simplify, you're familiar with the Taurus .45 caliber

22   handgun?

23             THE DEFENDANT:  Yes, it was in my possession.

24             THE COURT:  Okay.  And do you agree that it's

14:20:13  25   subject to forfeiture for the reasons set forth in paragraph

Lori A. Callahan, RMR-CRR      (330) 252-6022

1    6?

2                    THE DEFENDANT:  Yes.

3                    THE COURT:  Any questions about that now?

4                    THE DEFENDANT:  No.

14:20:20   5                    THE COURT:  Okay.  Next, if you take a look at

6    paragraphs 9, 10 and 11, and let me know when you're done.

7                    THE DEFENDANT:  Yes, I'm ready, Your Honor.

8                    THE COURT:  Any questions regarding those

9    provisions, sir?

14:20:41   10                    THE DEFENDANT:  No, Your Honor.

11                    THE COURT:  All right.  Now, as set forth in

12   paragraph 13, do you understand that sentencing rests within

13   the discretion of the court and federal sentencing law

14   requires the court to impose a sentence sufficient, but not

14:20:59   15   greater than necessary, to comply with the sentencing

16   purposes set forth in Title 18, United States Code, Section

17   3553(a), which includes the advisory sentencing guidelines

18   in effect at the time of sentencing, as well as other

19   sentencing factors.

14:21:15   20                    Do you understand that?

21                    THE DEFENDANT:  Yes, Your Honor.

22                    THE COURT:  Do you also understand that the court,

23   under some circumstances, may vary or depart from, that is,

24   impose a sentence different from the advisory sentencing

14:21:26   25   guideline range.

                    Lori A. Callahan, RMR-CRR        (330) 252-6022

1          THE DEFENDANT:  That means to go above or under?

2          THE COURT:  Correct.  That's exactly right.

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Do you understand, as set forth in

14:21:35  5     paragraph 14 of the plea agreement, that the advisory

6     guideline sentencing range will be determined by the court

7     at the time of sentencing, after a presentence report has

8     been prepared by the United States Probation Office and

9     reviewed by the parties?

14:21:49  10         THE DEFENDANT:  Yes, Your Honor.

11         THE COURT:  Do you further understand that it is

12    the obligation of the government to provide to the United

13    States Probation Office certain information regarding you

14    and your conduct, sir?

14:21:58  15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  Do you understand, as set forth in

17    paragraph 15, that if all of the conditions contemplated in

18    this agreement between you and the parties are met, that you

19    and the government agree that you should receive a prison

14:22:19  20    sentence of 192 months; and, otherwise, you and the

21    government agree that you should receive a sentence within

22    the applicable advisory sentencing guideline range as

23    determined by the court?

24         THE DEFENDANT:  Yes, Your Honor.

14:22:33  25         THE COURT:  Any questions regarding any of the

1    information contained in paragraph 15?

2                THE DEFENDANT:  No, Your Honor.

3                THE COURT:  Now, also, this agreement is what is

4    referred to as a Criminal Rule Procedure 11(c)(1)(C)

14:22:53    5    agreement.

6                So do you further understand that if the court

7    accepts this plea agreement, the recommendations relative to

8    sentencing are binding on the court, and thus, the agreed

9    disposition will be included in the court's judgment?

14:23:10    10                THE DEFENDANT:  Which means you can't go under,

11    correct?

12                THE COURT:  Under or over.

13                MR. SYNENBERG:  He's concerned about the over.

14                THE DEFENDANT:  Half full kind of guy, yes.

14:23:20    15                Yes, Your Honor.

16                THE COURT:  All right.  Do you further understand,

17    however, that if the court rejects the plea agreement the

18    court will inform the parties that it rejects the plea

19    agreement and then give you an opportunity to withdraw your

14:23:34    20    plea and advise you if your plea is not withdrawn, the court

21    may dispose of the case less favorably towards you than

22    provided in the plea agreement.

23                That was -- that kind of like relates to the

24    question that you just asked before.  In other words, if I

14:23:56    25    accept the plea agreement and the parties' recommendations

                    Lori A. Callahan, RMR-CRR      (330) 252-6022

1    of 192 months, I can't go above or below.  But if I reject

2    the parties' agreement, I just need to tell you that and

3    then if you decide to maintain your plea of guilty, then I

4    could go either above --

14:24:16  5            THE DEFENDANT:  At your discretion?

6            THE COURT:  Yes.

7            THE DEFENDANT:  Yes, Your Honor, I understand.

8            THE COURT:  Okay.  Do you understand, as set forth

9    in paragraph 16, that you and the government will each have

14:24:33  10   a right to speak at sentencing regarding your sentence in

11   this case?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  Now, if you turn to paragraph 17, you

14   will see some charts there that discuss what the parties

14:24:52  15   believe the calculations will be relative to your offense

16   level in this case.

17           So we will -- if you look at the chart for Count

18   1, you will see that the base offense level is 26.  Using a

19   minor to commit a crime provides for a two-level

14:25:18  20   enhancement, and then there's a 12-level enhancement because

21   it involves terrorism for a subtotal with respect to that

22   count of 40.

23           Do you see that?

24           THE DEFENDANT:  Yes, Your Honor.

14:25:32  25           THE COURT:  Then for counts -- each of Counts 2

Lori A. Callahan, RMR-CRR       (330) 252-6022

1  and 3, base offense level 26.  Because it was committed in

2  connection with another felony, there's a four-level

3  enhancement for subtotal of 30.  And that the multiple count

4  adjustment the parties believe with that total offense level

14:25:54  5  before any other considerations would be 40.

6  Do you understand -- do you understand that?

7  THE DEFENDANT:  Yes, Your Honor.

8  THE COURT:  And then do you further understand

9  that, unless otherwise agreed to in the plea agreement, the

14:26:09  10  parties agree that no other specific offense

11  characteristics, guideline adjustments or guideline

12  departures will apply?

13  THE DEFENDANT:  Yes, Your Honor.

14  THE COURT:  Continuing on.  Do you understand, as

14:26:20  15  set forth in paragraph 18, that the government agrees to

16  recommend a reduction to the sentencing guideline

17  calculation for acceptance of responsibility, so long as

18  your conduct continues to accept -- continues to reflect

19  your acceptance of responsibility?

14:26:41  20  THE DEFENDANT:  Yes, Your Honor.

21  THE COURT:  Any questions regarding the

22  information contained in that paragraph 18?

23  THE DEFENDANT:  No, Your Honor.

24  THE COURT:  And do you understand, as set forth in

14:26:50  25  paragraph 19, that your criminal history category will be

1    determined by the court after the court has received the

2    presentence investigation report from the United States

3    Probation Office?

4              THE DEFENDANT:  Yes, Your Honor.  That's the PSI?

14:27:09   5              THE COURT:  Right, exactly, the presentence

6    report.  It goes by a lot of different names.

7              And in this particular case, you've had the

8    benefit of having received a pre-plea report relative to

9    your criminal history.

14:27:27  10              Are you aware of that?

11              THE DEFENDANT:  Did it benefit at all?

12              THE COURT:  I am sorry?

13              THE DEFENDANT:  Did it benefit at all?

14              THE COURT:  When I say you've had the benefit of

14:27:37  15    receiving it, you had the opportunity, I should say, to see

16    in advance, I understand why you're saying that might not

17    have been a benefit, but you had the opportunity to see in

18    advance what your criminal history may be and how it might

19    be calculated.

14:27:54  20              Now, in that report, there was a certain

21    calculation relative to your criminal history of -- and it

22    turned out in that report to be a V; however, in that

23    report, it also indicated that you could be determined to be

24    a career offender.  In that event, your criminal history

14:28:15  25    would be a VI.  And also there's a possibility in this case,

Lori A. Callahan, RMR-CRR        (330) 252-6022

1       because of the nature of the offense, that a terrorism

2       enhancement would apply, which would also make you a

3       Criminal History Category VI for a separate reason.

4                   Do you understand that?

14:28:31  5                   THE DEFENDANT:  Yes, Your Honor.

6                   THE COURT:  Okay.  Any questions regarding any of

7       that?

8                   THE DEFENDANT:  No, Your Honor.

9                   THE COURT:  All right.  Now, any questions

14:28:40  10    regarding any of the information contained in paragraphs 20

11      through 25?

12                  THE DEFENDANT:  No, Your Honor.

13                  THE COURT:  No.  Do you need any additional time

14      to review those?

14:28:54  15                  THE DEFENDANT:  No, Your Honor.

16                  THE COURT:  So next we're just going to briefly

17      discuss the advisory guideline sentence guidelines, and

18      discuss how the parties' calculation could impact your

19      sentence in this case.

14:29:07  20                  And as we discussed earlier, do you understand the

21      final guideline sentencing range will be determined by the

22      court at the time of sentencing after that final presentence

23      report has been prepared by the United States Probation

24      Office?

14:29:21  25                  THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Do you further understand that, even

2    though we will be discussing guidelines that might apply in

3    your case today, that we cannot know for certain what

4    guidelines will apply until that report is prepared?

14:29:32   5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  So do you have a copy of the

7    sentencing table?  I see that you do.

8          THE DEFENDANT:  Yes.

9          THE COURT:  And have you seen this table before?

14:29:41  10          THE DEFENDANT:  Yes, many times.

11          THE COURT:  I was going to ask you.  You've

12    probably reviewed it with your attorneys many times.

13          Is that fair to say?

14          THE DEFENDANT:  Yes, Your Honor.

14:29:49  15          THE COURT:  Okay.  We're going to just take some

16    examples just to make sure you understand how the table

17    works.

18          So let's say, for instance, it turns out that your

19    -- I'm going to select offense level 33 and Criminal History

14:30:08  20    Category VI.

21          Under that scenario, what would the guideline

22    sentencing range be?

23          THE DEFENDANT:  235 to 293.

24          THE COURT:  Right.  And what about if it goes down

14:30:19  25    to like offense level of 30 and a criminal history category

1      of VI?

2                    THE DEFENDANT:  160 to 210.

3                    THE COURT:  Right.

4                    THE DEFENDANT:  Which is a lot better.

14:30:31  5          THE COURT:  Fair to say.  Yes.

6                So you understand that even though we went over

7      some ranges, the way this plea agreement works, if the party

8      accept -- if the court accepts the plea agreement at the

9      time of sentencing, the court would be bound to impose a

14:30:55 10     sentence of 192 months provided that all the conditions

11     contemplated in the agreement are met?

12                    THE DEFENDANT:  Yes, Your Honor.

13                    THE COURT:  Okay.  Any questions regarding that?

14                    THE DEFENDANT:  No.

14:31:09 15           THE COURT:  Okay.  Counsel, do you think the court

16     needs to further discuss the sentencing table or guidelines,

17     or is everyone satisfied?

18                    MR. SYNENBERG:  We are.  We've gone through this

19     many times.

14:31:22 20           THE COURT:  I am sure.  I am sure that's true, and

21     that actually is the way it should be done.

22                Now, do you understand -- do you need any further

23     explanation about how your criminal history category will be

24     calculated?  It's calculated based upon the number of

14:31:35 25     criminal history points that you have, and the points are

                    Lori A. Callahan, RMR-CRR        (330) 252-6022

1    calculated pursuant to the sentencing guidelines based upon

2    in part the age and nature of your prior offenses.

3         Do you understand that?

4         THE DEFENDANT:  I will would like to know, who

14:31:49  5    gives an exact account of this criminal history?  So far the

6    prosecution gave us an account.  Does the PSR or the PSI --

7    does the probation office --

8         THE COURT:  Oh, yes.  They do an independent --

9    probation officer will do an independent assessment.  And

14:32:04  10   actually, the pre-plea report was prepared by the probation

11   office.

12        THE DEFENDANT:  So it's already accurate.

13        THE COURT:  Well, no.

14        MR. SYNENBERG:  Subject to being challenged by us.

14:32:15  15        THE COURT:  It could be challenged by you, number

16   one.  It could be that when the probation officer does a

17   further investigation, they find something that they didn't

18   find in the first instance.  It doesn't happen that often,

19   but that's why we have to have a final preparation.

14:32:34  20        And as your attorney properly points out, there

21   could be something that after your attorney reviews it and

22   after a more full report is prepared, your attorney and you

23   may determine you should challenge some of the calculations.

24        THE DEFENDANT:  This is to give you a better idea

14:32:50  25   of me.  This is to give the court -- this is to give you a

Lori A. Callahan, RMR-CRR        (330) 252-6022

1  better idea of me?

2         THE COURT:  Okay.  Precisely.  And it not only

3  will calculate offense level, but it will give me

4  information regarding the offense that you committed, the

14:33:06  5  offenses that you committed, plus your background, and a

6  number of other items.

7         THE DEFENDANT:  Okay.

8         THE COURT:  All right.  So you and your attorneys

9  will receive that final presentence report well in advance

14:33:27  10  of the sentencing hearing and you will have a right to

11  review that report and gain a better understanding of what

12  your criminal history may be and how it will be calculated,

13  as well as your guideline range and how that will be

14  calculated and how this plea agreement, this binding plea

14:33:43  15  agreement may impact that.

16         Do you understand this?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  All right.  So do you understand, as

19  set forth in paragraph 26, that except under limited

14:33:54  20  circumstances, you're giving up your right to appeal your

21  conviction and sentence in this case, and that you are

22  giving up your right to challenge your conviction and

23  sentence at a later time again except in very limited

24  circumstances?

14:34:05  25         THE DEFENDANT:  Yes, Your Honor.  I understand.

Lori A. Callahan, RMR-CRR       (330) 252-6022

1          THE COURT:  All right.  Specifically, under the

2     plea agreement, if you take a look at paragraphs --

3     paragraph 26, you would have the right to appeal any of the

4     following:

14:34:18  5          Any punishment in excess of the statutory maximum,

6     or any sentence to the extent it exceeds the maximum of the

7     sentencing imprisonment range determined under the advisory

8     sentencing guidelines in accordance with the sentencing

9     stipulations and computations contained within this

14:34:34  10    agreement using the criminal history found applicable by the

11    court.

12          You also have the right to appeal or collaterally

13    attack any claim you may have relative to ineffective

14    assistance of counsel or prosecutorial misconduct.

14:34:47  15          Do you understand all of this, sir?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Do you understand that other than the

18    rights to appeal that I've just discussed with you, you are

19    giving up all other rights to appeal or collaterally attack

14:34:59  20    now or at a later time through this or any other proceeding

21    or case your sentence and conviction in this case, sir?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  Do you understand the information

24    contained in paragraph 27 in which you agree to waive any

14:35:13  25    statute of limitation defense to any prosecution that is not

1    already time barred as of today?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  Okay.  Any questions regarding the

4    information contained in that paragraph, sir?

14:35:47  5            THE DEFENDANT:  No.

6            THE COURT:  No.  Now, if you would turn to

7    paragraph 12 -- before I address paragraph 12, I will ask

8    you just generally, have you carefully reviewed with your

9    attorneys the charges set forth against you in Counts 1, 2

14:36:14  10    and 3 of the indictment?

11            THE DEFENDANT:  Yes, Your Honor.

12            THE COURT:  Do you understand the nature of the

13    charges, sir?

14            THE DEFENDANT:  Yes, Your Honor.

14:36:26  15            THE COURT:  And, Mr. Synenberg, just confirming

16    with you, and I am sure you have, have you had extensive

17    discussions with your client relative to the nature of the

18    charges?

19            MR. SYNENBERG:  We have, Your Honor.

14:36:37  20            THE COURT:  And also the elements of the offenses?

21            MR. SYNENBERG:  We have, we have.

22            THE COURT:  Okay.  Now, the chart contained at

23    paragraph 12 sets forth the elements of the offenses to

24    which you will be pleading guilty.

14:36:53  25            Do you understand that?

            Lori A. Callahan, RMR-CRR      (330) 252-6022

1        THE DEFENDANT:  Yes, Your Honor.

2        THE COURT:  And we will just review those elements

3    rights now.

4        With respect to Count 1, the elements are as

14:37:03  5    follows:

6        One, that you knowingly attempted to provide

7    material support or resources to a foreign terrorist

8    organization.

9        Two, that you knew that the organization was a

14:37:16  10    designated terrorist organization, or that the organization

11    had engaged or was engaging in terrorist activity or

12    terrorism.

13        Three, that you are a national of the United

14    States, or a permanent resident alien or a stateless person

14:37:35  15    whose habitual residence is the United States, or that after

16    the conduct required for the offense occurred, you were

17    brought back into the United States, or found in the United

18    States, or the offense occurred in whole or in part in the

19    United States, or finally, that the offense affected

14:37:57  20    interstate or foreign commerce.

21        So just looking at Count 1, do you understand that

22    the elements that I've just reviewed that are contained in

23    that first chart are the elements the government would be

24    required to prove with respect to Count 1?

14:38:15  25        THE DEFENDANT:  Yes, Your Honor.

Lori A. Callahan, RMR-CRR      (330) 252-6022

1          THE COURT:  Do you understand -- I'm sorry?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Do you understand that these are the

4     elements to which you will be pleading guilty today should

14:38:23  5     you enter a plea of guilty to Count 1?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Okay.  Now, with respect to Counts 2

8     and 3, for each of those counts, the government would be

9     required to prove the following elements:

14:38:35  10          One, that you were convicted of a crime punishable

11     by imprisonment for more than one year.

12          Two, following your conviction, you knowingly

13     possessed a firearm and/or ammunition; and

14          Three, the specified firearm and/or ammunition

14:38:49  15     crossed a state line prior to your possession.

16          So do you understand those elements, sir?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  And do you understand that these are

19     the elements to which you would be pleading guilty should

14:38:59  20     you enter a plea of guilty as to Counts 2 and 3 today?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  Okay.  Now, do you understand -- let's

23     do this:

24          Why don't you turn to paragraphs 28 through 46?

14:39:17  25          And if you could just take a -- page through those

Lori A. Callahan, RMR-CRR        (330) 252-6022

1      paragraphs and let me know if you have reviewed all of the

2      information contained in those paragraphs.

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  So, first of all, do you understand

14:40:21   5      that paragraphs 28 through 46 set forth your relevant

6      conduct in the factual basis for your guilty plea?

7              THE DEFENDANT:  Yes, I understand.

8              THE COURT:  Okay.  And do you understand that the

9      government believes it can prove all the facts set forth in

14:40:39  10      those paragraphs by proof beyond a reasonable doubt should

11      the case proceed to trial?

12              THE DEFENDANT:  Yes, Your Honor.

13              THE COURT:  And I will ask you, because this is

14      important.  Have you carefully read and do you understand

14:40:52  15      all the information contained in paragraphs 28 through 46?

16              THE DEFENDANT:  Yes, Your Honor.

17              THE COURT:  Do you need any additional time to

18      further consider the information contained in paragraphs 28

19      through 46?

14:41:04  20              THE DEFENDANT:  No, Your Honor.

21              THE COURT:  Do you have any questions regarding

22      the information contained in those paragraphs?

23              THE DEFENDANT:  No, Your Honor.

24              THE COURT:  Do you agree that all the information

14:41:12  25      contained in those paragraphs is accurate?

1      THE DEFENDANT:  Yes, Your Honor.

2      THE COURT:  Did you engage in the conduct

3  described in paragraphs 28 through 46?

4      THE DEFENDANT:  Yes, Your Honor.

14:41:25   5      THE COURT:  Did you do so knowingly, voluntarily

6  and intentionally?

7      THE DEFENDANT:  Yes, Your Honor.

8      THE COURT:  And is there any statement of fact in

9  paragraphs 28 through 46 with which you disagree, sir?

14:41:37   10      THE DEFENDANT:  No, Your Honor.

11      THE COURT:  And just to confirm, Mr. Synenberg, I

12  trust that you and your client have carefully reviewed all

13  of that -- all of the information contained in --

14      MR. SYNENBERG:  Yes, Your Honor.

14:41:54   15      THE COURT:  -- paragraphs 28 through 46?

16      MR. SYNENBERG:  We have.

17      THE COURT:  Okay.  So then I will turn to

18  Mr. Georgalis and ask is there anything else that the

19  government would like to add to the information contained in

14:42:04   20  paragraphs 28 through 46 in order to establish the elements

21  of the offenses to which Mr. Al-Ghazi is pleading guilty

22  today?

23      MR. GEORGALIS:  Nothing to add, Judge.  Thank you.

24      THE COURT:  Thank you.

14:42:16   25      So, Mr. Al-Ghazi, do you acknowledge that the

Lori A. Callahan, RMR-CRR      (330) 252-6022

1    facts contained in paragraphs 28 through 46 of the plea

2    agreement are facts that the government would be able to

3    establish by proof beyond a reasonable doubt if this case

4    were to proceed to trial?

14:42:32  5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  If you could take a look at paragraphs

7    47 through 49, sir.

8          Let me know when you're done reviewing those.

9          THE DEFENDANT:  Yes, Your Honor.  Everything I've

14:44:02  10   read.

11         THE COURT:  47 through 49?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Any questions regarding those

14   provisions?

14:44:07  15         THE DEFENDANT:  No, Your Honor.

16         THE COURT:  All right.  Do you understand, as set

17   forth in paragraph 15, that this plea agreement is binding

18   only on the United States Attorney's Office for the Northern

19   District of Ohio and that it does not bind any other United

14:44:23  20   States Attorney, any other federal agency or any state or

21   local government?

22         THE DEFENDANT:  51 or 15?

23         THE COURT:  50.

24         THE DEFENDANT:  You said 15.

14:44:37  25         THE COURT:  50.  My apologies.

Lori A. Callahan, RMR-CRR       (330) 252-6022

1        THE DEFENDANT:  I got it.

2        THE COURT:  So you understand that provision.  All

3    right.

4        THE DEFENDANT:  Yes.

14:44:45   5        THE COURT:  As set forth in paragraph 51 of the

6    plea agreement, have you discussed this case and this plea

7    agreement in detail with your attorneys and have they

8    advised you of your constitutional and other trial and

9    appeal rights, the nature of the charges, the elements of

14:45:02  10    the offenses the United States would have to prove at trial,

11    the evidence the United States would present at such trial,

12    possible defenses, the advisory sentencing guidelines and

13    other aspects of sentencing, the potential loss of Civil

14    Rights and privileges, such as the right to vote, the right

14:45:18  15    to carry a firearm and the right to serve on a jury and

16    other potential consequences of pleading guilty in this

17    case, sir?

18        THE DEFENDANT:  Yes, Your Honor.

19        THE COURT:  Have you had sufficient time and

14:45:27  20    opportunity to discuss all aspects of the case in detail

21    with your attorneys and have you told your attorneys

22    everything you know about the charges, any defenses that you

23    might have to the charges, and all personal and financial

24    circumstances in possible mitigation of your sentence in

14:45:42  25    this case?

Lori A. Callahan, RMR-CRR      (330) 252-6022

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Are you fully satisfied with the legal

3    services and advice provided to you by your attorneys, sir?

4          THE DEFENDANT:  Yes, Your Honor.

14:45:50   5          THE COURT:  Do you acknowledge, as set forth in

6    paragraph 52, that no assurances, promises or

7    representations have been given to you directly or

8    indirectly by the United States or by any of its

9    representatives which are not contained in this written plea

14:46:06  10   agreement that we have reviewed today, and that the plea

11   agreement sets forth the full and complete terms and

12   conditions of the agreement between you and the government?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Has anyone forced you, coerced you or

14:46:18  15   threatened you in any way to get you to enter this plea,

16   sir?

17          THE DEFENDANT:  No, Your Honor.

18          THE COURT:  Other than what has been set forth in

19   this written plea agreement, has anyone promised you

14:46:27  20   anything or made any representations to you in order to

21   induce you to enter this plea?

22          THE DEFENDANT:  No, Your Honor.

23          THE COURT:  Do you fully understand the terms and

24   conditions of the plea agreement?

14:46:37  25          THE DEFENDANT:  Yes, Your Honor.

Lori A. Callahan, RMR-CRR      (330) 252-6022

1           THE COURT:  Is your plea of guilty being made

2   freely and voluntarily, sir?

3           THE DEFENDANT:  Yes, Your Honor.

4           THE COURT:  Are you pleading guilty to the charges

14:46:43  5   set forth against you in Counts 1, 2 and 3 because you are

6   guilty of committing those crimes?

7           THE DEFENDANT:  Yes, Your Honor.  I am pleading

8   guilty.

9           THE COURT:  You're pleading guilty because you are

14:46:57  10  guilty of committing the offenses?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  Okay.  And do you have any questions

13  whatsoever about this plea, sir?

14          THE DEFENDANT:  No, Your Honor.

14:47:05  15          THE COURT:  And with that, Mr. Georgalis, is there

16  anything else that you would like the court to address or

17  you would like to add to the record before I ask

18  Mr. Al-Ghazi how he pleads in this case?

19          MR. GEORGALIS:  Nothing to add, Judge.  Thank you.

14:47:18  20          THE COURT:  Mr. Synenberg, is there anything else

21  that you would like the court to address or you would like

22  to add to the record before I ask your client how he pleads

23  in this case?

24          MR. SYNENBERG:  Not at this time.

14:47:26  25          THE COURT:  Thank you.  Mr. Al-Ghazi, knowing all

1       of your rights, all of the rights you're giving up by

2       entering the plea and all of the limited rights you're

3       retaining, knowing what the possible consequences of your

4       plea in this case may be and the possible sentence that you

14:47:39    5   may face under the plea, how do you plead to the charges set

6       forth against you in Counts 1, and 2 and 3 of the

7       indictment?

8               THE DEFENDANT:  I plead guilty.

9               THE COURT:  Mr. Al-Ghazi, I accept your plea as

14:47:49   10   knowingly, intelligently and voluntarily made with the

11      advice of your counsel.

12              On this basis, I find in this case, United States

13      of America versus Amir Said Rahman Al-Ghazi, that you,

14      Mr. Al-Ghazi, are fully competent and capable of entering an

14:48:11   15   informed plea, that your plea of guilty is a knowing and

16      voluntary plea supported by an independent basis, in fact,

17      containing each of the essential elements of the offenses to

18      which you have pleaded guilty.

19              Mr. Al-Ghazi, I accept your plea and find you

14:48:24   20   guilty of Counts 1, 2 and 3 of the indictment.  And at this

21      point, I am going to affix my name to the plea agreement on

22      the designated line on page 24 for my signature, and as you

23      know, since -- because of the nature of this plea agreement,

24      if after I receive the final presentence report, I determine

14:48:58   25   that I cannot accept the parties' recommendation relative to

1    sentencing, I will advise the parties and give you an

2    opportunity to withdraw your plea.

3            Otherwise, if I accept, then we will proceed in

4    accordance with the plea agreement.

14:49:15  5            Understood?

6            THE DEFENDANT:  Yes, Your Honor.

7            THE COURT:  All right.

8            THE DEFENDANT:  That's after the PSR?

9            THE COURT:  Yeah, that's when I will make my

14:49:23  10   decision.  But at this point -- at this point in time, given

11   the information that I know, mostly because we've had -- I

12   know you don't consider it a benefit.  Most -- because we've

13   had the opportunity to see a pre-plea report relative to

14   your criminal history, I feel comfortable at this point

14:49:53  15   affixing my signature on the plea agreement.

16           THE DEFENDANT:  Okay.

17           THE COURT:  So as you've just alluded to, there

18   will be a presentence report prepared to assist the court in

19   imposing a sentence in this case.

14:50:12  20           Mr. Al-Ghazi, you will be asked to give

21   information to a United States Probation Officer for use in

22   preparing the report.

23           If you wish, your attorneys may be present when

24   you give the information to the probation officer.  It's

14:50:26  25   very important that you be forthright and honest with the

1    probation officer in giving the information asked of you.

2            Do you understand this?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  And you and your attorneys may read

14:50:39  5    the report before the sentencing hearing.  You will have an

6    opportunity to object to any portion of the report that you

7    believe is erroneous or in some way subject to legal

8    challenge.  And at the time of sentencing, I will address

9    any objections that you might have to the report, so it's

14:50:53  10   important that you read and review that report prior to the

11   time of sentencing.

12           Understood?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  Okay.  Sentencing in this case is set

14:51:00  15   for June 23, 2016, at 10:00 a.m.

16           And, Counsel, I understand that that date and time

17   does work with your respective schedules?

18           MR. GEORGALIS:  Yes, Judge.

19           MR. SYNENBERG:  Yes, Judge.

14:51:12  20           THE COURT:  With that -- the courtroom deputy

21   clerk shall file the indictment under seal.

22           And with that, that concludes this proceeding.

23           MR. SYNENBERG:  Thank you, Judge.

24

25

1              C E R T I F I C A T E

2

3        I certify that the foregoing is a correct transcript

4    from the record of proceedings in the above-entitled

5    matter.

6

7

8                s/Lori A. Callahan
                 Lori Ann Callahan, RMR-CRR
9                U.S. District Court, Suite 568
                 2 South Main Street
10               Akron, Ohio  44308
                 (330) 252-6022
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

            Lori A. Callahan, RMR-CRR        (330) 252-6022